**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
                                 (State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   Shiloh Industries, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   Shiloh Corporation - Forced Assumed Name (Ohio)

3. **Debtor's federal Employer Identification Number (EIN)**

   5 1 _ – 0 3 4 7 6 8 3

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | **880    Steel Drive** | |
   | Number    Street | Number    Street |
   | | P.O. Box |
   | **Valley City      OH    44280** | |
   | City         State   ZIP Code | City         State    ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | **Medina** | |
   | County | Number    Street |
   | | |
   | | City         State    ZIP Code |

5. **Debtor's website** (URL)    https://www.shiloh.com/

| Debtor | Shiloh Industries, Inc. | Case number *(if known)* |
|--------|------------------------|--------------------------|
| | Name | |

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

3  3  6  3

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor  Shiloh Industries, Inc.
         Name

Case number (if known) _____

---

9.  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☑ No

☐ Yes.

If more than 2 cases, attach a separate list.

District _____  When _____  Case number _____
                                MM / DD / YYYY

District _____  When _____  Case number _____
                                MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.  Debtor  See attached Schedule 1          Relationship _____

District _____  When _____
                                                    MM / DD / YYYY

Case number, if known _____

---

11. **Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?**  (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                                    Number        Street

_____

_____   _____
City                                State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

---

| Debtor | Shiloh Industries, Inc. | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☐ 1-49     ☐ 1,000-5,000     ☐ 25,001-50,000

☐ 50-99     ☐ 5,001-10,000     ☐ 50,001-100,000

☐ 100-199     ☐ 10,001-25,000     ☐ More than 100,000

☑ 200-999

---

**15. Estimated assets**

☐ $0-$50,000     ☐ $1,000,001-$10 million     ☐ $500,000,001-$1 billion

☐ $50,001-$100,000     ☑ $10,000,001-$50 million     ☐ $1,000,000,001-$10 billion

☐ $100,001-$500,000     ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion

☐ $500,001-$1 million     ☐ $100,000,001-$500 million     ☐ More than $50 billion

---

**16. Estimated liabilities**

☐ $0-$50,000     ☐ $1,000,001-$10 million     ☐ $500,000,001-$1 billion

☐ $50,001-$100,000     ☐ $10,000,001-$50 million     ☐ $1,000,000,001-$10 billion

☐ $100,001-$500,000     ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion

☐ $500,001-$1 million     ☑ $100,000,001-$500 million     ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08/30/2020
               MM / DD / YYYY

✖   */s/ Lillian Etzkorn*                Lillian Etzkorn

     Signature of authorized representative of debtor          Printed name

Title   Authorized Person

Debtor    Shiloh Industries, Inc.
_____    Case number (if known)_____
          Name

**18. Signature of attorney**    ✘  /s/ Daniel J. DeFranceschi    Date    08/30/2020
                                _____          _____
                                Signature of attorney for debtor            MM   / DD  / YYYY

                                Daniel J. DeFranceschi
                                _____
                                Printed name
                                Richards, Layton & Finger, P.A.
                                _____
                                Firm name
                                920        North King Street
                                _____
                                Number        Street
                                Wilmington                                DE        19801
                                _____    _____    _____
                                City                                      State     ZIP Code

                                (302) 651-7700                            defranceschi@rlf.com
                                _____    _____
                                Contact phone                            Email address

                                2732                                      Delaware
                                _____    _____
                                Bar number                               State

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   0-21964   .

2. The following financial data is the latest available information and refers to the debtor's condition on   April 30, 2020   .

a. Total assets                                                    $   664,170,000 (consolidated)

b. Total debts (including debts listed in 2.c., below)    $   563,360,000 (consolidated)

c. Debt securities held by more than 500 holders

Approximate number of holders:

| | | | | | |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

d. Number of shares of preferred stock                                            0

e. Number of shares common stock                                          24,308,119

Comments, if any: _____

3. Brief description of debtor's business:   Shiloh Industries, Inc., together with its subsidiaries, are global innovative solutions providers focusing on lightweighting technologies that provide environmental and safety benefits to the mobility markets.  They utilize alloys of aluminum, magnesium and steel products in body structures, chassis, and propulsion systems for use in the automotive and commercial vehical markets.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
  Oak Tree Holdings LLC (30.14%); Dimensional Fund Advisors LP (6.25%); and Alan W. Weber (Investment Management) (5.68%)

## SCHEDULE 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in this court for relief under chapter 11 of title 11 of the United States Code. Each Debtor is listed with the last four digits of its federal tax identification number. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Shiloh Industries, Inc.

Albany-Chicago Company LLC  (4687)
C & H Design Company  (9432)
FMS Magnum Holdings LLC  (6471)
Greenfield Die & Manufacturing Corp.  (8114)
Jefferson Blanking Inc.  (7850)
Liverpool Coil Processing, Incorporated  (0571)
Medina Blanking, Inc.  (0707)
Sectional Stamping, Inc.  (8967)
Shiloh Automotive, Inc.  (1339)
Shiloh Corporation  (5101)
Shiloh Die Cast LLC  (5814)
Shiloh Die Cast Midwest LLC  (4114)
Shiloh Holdings International, Inc.  (1446)
Shiloh Industries, Inc.  (7683)
Shiloh Industries, Inc. Dickson Manufacturing Division  (5835)
Shiloh Manufacturing LLC  (1628)
Shiloh Manufacturing Holdings LLC  (0853)
The Sectional Die Company  (3562)
VCS Properties, LLC  (1094)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------  x
```

In re:                                    :
                                          :
SHILOH INDUSTRIES, INC.,                  :     Chapter 11
                                          :
                                          :     Case No. 20-____ (____)
        Debtor.                           :
                                          :     (Joint Administration Pending)
                                          :
                                          :
                                          :
```
------------------------------------------------------  x
```

**CONSOLIDATED LIST OF CREDITORS**
**HOLDING THE 50 LARGEST UNSECURED CLAIMS**

       Shiloh Industries, Inc. and certain of its direct and indirect domestic subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), in the above captioned cases each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Contemporaneously with the filing of their petitions, the Debtors are hereby filing a consolidated list of the 50 largest unsecured creditors of the Debtors (the "Creditor List") in lieu of a separate list for each Debtor, consistent with the relief requested in the *Debtors' Motion for Entry of an Order (I) Waiving Certain Procedural Requirements Relating to the Form, Maintenance and Filing of Certain Creditor Lists, (II) Approving the Form, Manner and Proposed Service of the Notice of the Commencement of the Debtors' Chapter 11 Cases, (III) Approving the Redaction of Certain Personally Identifiable Information for Individual Creditors and Interest Holders and (IV) Granting Other Administrative Relief,* filed contemporaneously herewith.

       The Creditor List is based on the Debtors' unaudited books and records as of the petition date and was prepared in accordance with Federal Rule of Bankruptcy Procedure 1007(d) for filing in the chapter 11 case.  The Creditor List does not include:  (1) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code; or (2) secured creditors, unless the value of a secured creditor's collateral is such that the unsecured deficiency places the creditor among the holders of the 50 largest unsecured claims.  The information contained herein constitutes neither an admission by the Debtors, nor does it constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim at a later date.

**Fill in this information to identify the case:**

Debtor name    Shiloh Industries, Inc.

United States Bankruptcy Court for the: _____    District of    Delaware
                                                                          (State)

Case number (If known): _____

☐  Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **PENSION BENEFIT GUARANTY CORPORATION (PBGC)** ATTN: ACCOUNTS PAYABLE 1200 K STREET, N.W. 12TH FLOOR WASHINGTON, DC 20005 USA | **Name:** Israel Goldowitz **Tel:** (202) 326-4020 **Email:** efile@pbgc.gov | PENSION | U | | | $30,700,000 |
| 2 | **AK STEEL CORPORATION** 9227 CENTRE POINTE DR WEST CHESTER, OH 45069 USA | **Name:** Gerry Hickey **Tel:** (513) 425-2583 **Email:** connie.deaton@aksteel.com | TRADE | | | | $2,900,544 |
| 3 | **ALCAN PRIMARY PRODUCTS CORP.** 6150 PARKLAND BLVD SUITE 200 CLEVELAND, OH 44124-4103 USA | **Name:** Peter Papamoniodis **Tel:** (773) 712-0526 **Email:** peter.papamoniodis@riotinto.com | TRADE | | | | $2,077,659 |
| 4 | **OLYMPIC STEEL INC** DEPT CH 19129 PALATINE, IL 60055-9029 USA | **Name:** Justin Lunsford **Tel:** (734) 673-4924 **Email:** justin_lunsford@olysteel.com | TRADE | | | | $1,487,397 |
| 5 | **KENWAL STEEL CORP** JCI RESALE P.O. BOX 670758 DETROIT, MI 48267-0758 USA | **Name:** Ann Blakely **Tel:** (313) 739-1083 **Email:** ann_blakely@kenwal.com | TRADE | | | | $1,404,272 |
| 6 | **MAGRETECH INC** 301 COUNTY ROAD 177 BELLEVUE, OH 44811-8713 USA | **Name:** Jonathan Chen **Tel:** (505) 504-0889 **Email:** jonathanc@magretech.us | TRADE | | | | $1,169,123 |
| 7 | **DORAL STEEL DE MEXICO S DE RL DE CV** JOSE VASCONCELOS 638A COL VALLE DEL CAMPESTRE SAN PEDRO GARZA GARCIA, NL 66265 MEXICO | **Name:** Oscar Garcia **Tel:** 52 (81) 1990 9973 **Email:** oscar.garcia@samuel.com | TRADE | | | | $1,132,326 |

Debtor  Shiloh Industries, Inc.                                    Case number (if known) _____
        Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | STEEL TECHNOLOGIES 15166 COLLECTIONS CENTER DRIVE CHICAGO, IL 60693 USA | Name: Jason Whitt Tel: (317) 509-0715 Email: jasonw@sttxna.com | TRADE | | | | $1,110,033 |
| 9 | HEIDTMAN STEEL PRODUCTS INC 4600 HEIDTMAN PARKWAY CLEVELAND, OH 44105 USA | Name: Ziad Takla Tel: (313) 815-3581 Email: ziad.takla@heidtman.com | TRADE | | | | $1,005,989 |
| 10 | US MAGNESIUM LLC 238 NORTH 2200 WEST SALT LAKE CITY, UT 84116 USA | Name: Tom Kurilich Tel: (801) 230-6434 Email: tkurilich@usmagnesium.com | TRADE | | | | $969,093 |
| 11 | IMPERIAL ZINC CORP. 1031 E 103RD ST CHICAGO, IL 60628-3007 USA | Name: Aaron Stankewic Tel: (312) 802-5006 Email: aaron@imperialzinc.com | TRADE | | | | $905,645 |
| 12 | ADAMS THERMAL SYSTEMS 47920 5TH STREET CANTON, SD 57013-5802 USA | Name: Todd Hirschkorn Tel: (605) 764-1127 Email: thirschkorn@adamsthermal.com | TRADE | | | | $903,011 |
| 13 | SPECTRO ALLOYS CORPORATION P.O. BOX 9201-02 BIN #130102 MINNEAPOLIS, MN 55480-9201 USA | Name: Gary Borner Tel: (612) 804-5738 Email: gborner@spectroalloys.com | TRADE | | | | $862,162 |
| 14 | WORTHINGTON INDUSTRIES 11700 WORTHINGTON DRIVE TAYLOR, MI 48180 USA | Name: Mike Andrzejewski Tel: (216) 548-1438 Email: mike.andrzejewski@worthingtonindustries.com | TRADE | | | | $748,085 |
| 15 | GH TOOL & MOLD, INC. 28 CHAMBER DR WASHINGTON, MO 63090-5279 USA | Name: Charlie Bruder Tel: (636) 390-2424 Email: charliebr@ghtool.com | TRADE | | | | $715,320 |
| 16 | PLEX SYSTEMS INC 900 TOWER DRIVE SUITE 1400 TROY, MI 48098 USA | Name: Fred Hehl Tel: (248) 221-3084 Email: fhehl@plex.com | TRADE | | | | $598,389 |
| 17 | MILL STEEL 5116 36TH SE P.O. BOX 8827 GRAND RAPIDS, MI 60677-1008 USA | Name: Jim Mcallister Tel: (412) 916-9794 Email: jim.mcallister@millsteel.com | TRADE | | | | $577,842 |
| 18 | METALS USA 1070 W LIBERTY ST WOOSTER, OH 44691-0999 USA | Name: Kevin Rick Tel: (937) 882-6354 Email: krice@metalsusa.com | TRADE | | | | $558,514 |
| 19 | ARCELORMITTAL KOTE INC 30755 EDISON ROAD NEW CARLISLE, IN 46552 USA | Name: Amal Touma Tel: (219) 399-7453 Email: amal.touma@arcelormittal.com | TRADE | | | | $557,907 |
| 20 | ARCELORMITTAL P.O. BOX 248 CHESTERTON, IN 46304 USA | Name: Amal Touma Tel: (216) 346-7916 Email: amal.touma@arcelormittal.com | TRADE | | | | $554,614 |

Debtor  Shiloh Industries, Inc.
_____
Name

Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | BECK ALUMINUM 300 ALLEN BRADLEY DR MAYFIELD HEIGHTS, OH 44124-6131 USA | Name: Bryan Beck Tel: (216) 533-8013 Email: bryan@beckalum.com | TRADE | | | | $439,446 |
| 22 | POWDER COTE II INC P.O. BOX 368 MT CLEMENS, MI 48046 USA | Name: Tom Salerno Tel: (586) 463-7040 Email: tsalerno@powdercoteii.com | TRADE | | | | $425,483 |
| 23 | CT METAL SOURCE INC 9551 ST CHRISTINE STREET SYLVANIA OH, 43560 USA | Name: Chad Crooks Tel: (419) 779-6172 Email: ccrooks@ctmetalsource.com | TRADE | | | | $407,418 |
| 24 | KENMAC METALS INC. 17901 ENGLEWOOD DR CLEVELAND, OH 44130 USA | Name: Allyson Fridley Tel: (440) 234-7500 Email: allyson.fridley@thyssenkrupp.com | TRADE | | | | $384,332 |
| 25 | QUALITY MOLD & ENGINEERING 9070 FIRST STREET BARODA, MI 49101 USA | Name: Todd Spearritt Tel: (269) 422-2137 Email: tspearritt@quality-molds.com | TRADE | | | | $329,991 |
| 26 | US STEEL AGENT FOR PROTEC PROTEC COATING CO. 5000 CR 5 LEIPSIC OH, 45856-0085 USA | Name: Lorraine Rosenthal Tel: (412) 433-4708 Email: calidad@protecto-qro.com | TRADE | | | | $327,646 |
| 27 | WELDERS & PRESSES INC 1972 BROWN ROAD CHESTERFIELD, MI 48326 USA | Name: Robert Kohler Tel: (586) 948-4300 Email: rkohler@wpimfg.com | TRADE | | | | $316,088 |
| 28 | SERVIACERO PLANOS, S DE RL DE CV BLVD HERMANOS ALDAMA 4200 CIUDAD INDUTRAIL LEON GTO 37490, MEXICO | Name: Mucio Alvarez Tel: (554) 880 8701 Email: mucio.alvarez@serviacero.com | TRADE | | | | $315,099 |
| 29 | SCHAUFLER TOOLING GMBH & CO.KG GOETHESTRASSE 72 D 89150 LAICHINGEN BADEN-WÜRTTEMBERG, 89150 GERMANY | Name: Marc Klapper Tel: +49 (0)7333 9608-77 Email: marc.klapper@schaufler.de | TRADE | | | | $301,016 |
| 30 | NORTH AMERICAN STAINLESS 2710 MOMENTUM PLACE CHICAGO, IL 60689 USA | Name: Joseph Bennet Tel: (502) 347-6167 Email: jbennett@northamericanstainless.com | TRADE | | | | $299,438 |
| 31 | CROWN INDUSTRIAL SERVICES INC P.O. BOX 970197 YPSILANTI, MI 48197 USA | Name: Mark Beck Tel: (517) 905-5318 Email: mbeck@crownindservices.com | TRADE | | | | $297,605 |
| 32 | CONTINENTAL ALUMINUM LLC 29201 MILFORD RD NEW HUDSON, MI 48165-9741 USA | Name: Jose Kipper Tel: (248) 904-8619 Email: jkipper@contalum.com | TRADE | | | | $276,568 |

Debtor  Shiloh Industries, Inc.
_____    Case number (if known) _____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 33 | RESOURCE MFG P.O. BOX 102332 ATLANTA, GA 30368-2332 USA | Name: Lisa Boland Tel: (513) 391-1098 Email: lisa.boland@employbridge.com | TRADE | | | | $248,247 |
| 34 | DORAL STEEL - DIVISION OF SAMUEL 1500 COINING DRIVE TOLEDO, OH 43612 USA | Name: Jim Herman Tel: (419) 470-7070 Email: jim.hermann@samuel.com | TRADE | | | | $245,613 |
| 35 | MONARCH STEEL COMPANY 29018 NETWORK PLACE CHICAGO, IL 60673-1290 USA | Name: Jamie Vilchek Tel: (216) 533-0471 Email: jvilcheck@acihq.com | TRADE | | | | $239,700 |
| 36 | MRK TECHNOLOGIES 31390 VIKING PARKWAY WESTLAKE, OH 44145 USA | Name: Terry Mcdonnell Tel: (330) 428-3174 Email: tmcdonnell@mrktech.com | TRADE | | | | $236,713 |
| 37 | HANSON MOLD, DIV. OF HANSON ITNL. 3500 HOLLYWOOD RD. ST. JOSEPH, MI 49085 USA | Name: Heath Weich Tel: (269) 429-5555 Email: hweich@hansonmold.com | TRADE | | | | $227,570 |
| 38 | CANA-DATUM MOULDS LTD 55 GOLDTHORNE AVENUE ETOBICOKE, ONTARIO M8Z 5S7 CANADA | Name: Rodrigo Merino Tel: (416) 252-1212 Email: rodrigom@cana-datum.com | TRADE | | | | $215,812 |
| 39 | MSC INDUSTRIAL SUPPLY COMPANY INC P.O. BOX 953635 ST. LOUIS, MO 63195-3635 USA | Name: Michael Sanders Tel: (717) 507-7894 Email: michael.sanders@mscdirect.com | TRADE | | | | $211,034 |
| 40 | RELIANCE MACHINE COMPANY 4605 S WALNUT STREET MUNCIE, IN 47302 USA | Name: Rodney Scott Tel: (765) 284-0151 Email: d.flynn@reliancemachineco.com | TRADE | | | | $210,643 |
| 41 | ANCHOR BAY PACKAGING CORP 30905 23 MILE ROAD NEW BALTIMORE, MI 48047 USA | Name: Colin Tripp Tel: (586) 949-4040 Email: ctripp@anchorbaypackaging.com | TRADE | | | | $205,074 |
| 42 | METOKOTE CORP 1340 NEUBRECHT ROAD LIMA, OH 45801 USA | Name: David Luetzelschwab Tel: (260) 432-6900 Email: luetzelschwab@ppg.com | TRADE | | | | $201,681 |
| 43 | STEEL SUMMIT HOLDINGS INC 1718 JP HENNESSY DRIVE LAVERGNE, TN 37086 USA | Name: Patti Jobe Tel: (615) 641-8608 Email: patti.jobe@steelsummit.com | TRADE | | | | $184,895 |
| 44 | COMBINED METALS OF MICHIGAN 317 DINO DRIVE ANN ARBOR, MI 48103 USA | Name: Tracee Crowley Tel: (734) 424-1000 Email: traceec@combmet.com | TRADE | | | | $183,400 |
| 45 | SUPERIOR ALUMINUM ALLOYS 14214 EDGERTON RD. NEW HAVEN, IN 46774 USA | Name: Patrick Carlin Tel: (260) 437-1765 Email: pat.carlin@saalloys.com | TRADE | | | | $182,726 |

NAI-1514138789v1

| Debtor | Shiloh Industries, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 46 | **1 SOURCE DESIGN LTD** 80 ELM DRIVE S WALLACEBURG, ON N8A 5E7 CAN | **Name:** Graham Tomlinson **Tel:** (519) 627-6034 **Email:** grahamt@hazelcorp.ca | TRADE | | | | $177,825 |
| 47 | **KPMG LLP** DEPT 0579 P.O. BOX 120001 DALLAS, TX 75312-0579 USA | **Name:** Talley Lambert **Tel:** (404) 435-5230 **Email:** talleylambert@kpmg.com | LITIGATION | C, U, D | | | + Undetermined |
| 48 | **ADIENT US, LLC** 49200 HALYARD DRIVE PLYMOUTH, MI 48170 USA | **Name:** Michelle Stanfill **Tel:** (731) 967-0271 **Email:** michelle.stanfill@adient.com | LITIGATION | C, U, D | | | + Undetermined |
| 49 | **RAMZI Y. HERMIZ** 15992 COG HILL DRIVE NORTHVILLE, MI 48168 USA | **Name:** Ramzi Y. Hermiz **Tel:** (248) 249-9200 **Email:** rhermiz@gmail.com | LITIGATION | C, U, D | | | + Undetermined |
| 50 | **INTERNAL REVENUE SERVICE** ATTN: LB&I:1707://DGILL:STOP7101 6450 ROCKSIDE WOODS BOULEVARD INDEPENDENCE, OH 44131 USA | **Name:** Meso T. Hammoud **Tel:** (313) 628-3136 **Email:** meso.t.hammoud@irscounsel.treas.gov | LITIGATION | C, U, D | | | + Undetermined |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

--------------------------------------------------------- x

In re:                                                    :
                                                          :
SHILOH INDUSTRIES, INC.,                                  :        Chapter 11
                                                          :
                                                          :        Case No. 20-____ (____)
          Debtor.                                         :
                                                          :        (Joint Administration Pending)
                                                          :
                                                          :
--------------------------------------------------------- x

<u>**STATEMENT OF CORPORATE OWNERSHIP**</u>

Following is the list of entities that own ten percent or more of debtor Shiloh Industries, Inc.'s equity interests. This list has been prepared in accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure:

- Oak Tree Holdings LLC

**Fill in this information to identify the case and this filing:**

Debtor Name    Shiloh Industries, Inc.

United States Bankruptcy Court for the:     District of   Delaware
                                                  (State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   *Amended Schedule* ____

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒   Other document that requires a declaration  List of Equity Security Holders and Statement of Corporate Ownership

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 08/30/2020             /s/ Lillian Etzkorn
      MM / DD / YYYY                   Signature of individual signing on behalf of debtor

                                       Lillian Etzkorn
                                       Printed name
                                       Senior Vice President and Chief Financial Officer
                                       Position or relationship to debtor

# SHILOH INDUSTRIES, INC.
## (a Delaware Corporation)

### Officer's Certificate

### August 29, 2020

I, Lillian Etzkorn, do hereby certify, on behalf of Shiloh Industries, Inc., a Delaware corporation (the "Company"), and not individually, that I am the duly appointed and acting Senior Vice President and Chief Financial Officer of the Company, and that, as such, I am authorized to execute and deliver this certificate.

I further certify, on behalf of the Company and not individually, as of the date hereof, that attached hereto as Exhibit A is a true, correct and complete copy of the resolutions duly adopted by the Company's Board of Directors at a duly held meeting authorizing the Company to, among other things:  (a) file a voluntary petition for relief under chapter 11 of title 11 of the United States Code; (b) enter into and incur any obligations under a new debtor in possession financing facility or facilities, including use of cash collateral, and any associated documents and consummate the transactions contemplated therein; and (c) enter into a stock and asset purchase agreement and the transactions contemplated thereby.  Such resolutions or any Company actions taken pursuant thereto have not been amended, superseded, modified or rescinded, and such resolutions are in full force and effect on the date hereof.

IN WITNESS WHEREOF, I have hereunto set my hand on the date first written above.

By: _Lillian Etzkorn_ _____
Name:  Lillian Etzkorn
Title:    Senior Vice President and
            Chief Financial Officer
            Shiloh Industries, Inc.

**EXHIBIT A**

## RESOLUTIONS OF THE BOARD OF DIRECTORS
## OF SHILOH INDUSTRIES, INC.

A meeting of the Board of Directors (the "Board") of **SHILOH INDUSTRIES, INC.** (the "Company") was duly called and held on the 28th day of August, 2020.  A majority and a quorum of the Board was present at the meeting; and the Company's Board duly adopted at that meeting the following resolutions.

### Approval of the Petition and other Chapter 11 Related Matters

**WHEREAS,** the members of the Board have (a) regularly and carefully reviewed the materials and other information presented by the Company's management and advisors regarding the Company's business conditions, the Company's operations, its current and projected financial position and other relevant information, (b) thoroughly evaluated the Company's strategic alternatives, including a possible restructuring, (c) conferred extensively with the Company's management and advisors regarding these matters, and (d) determined that the filing of a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") is in the best interests of the Company, its subsidiaries and affiliates, and its stakeholders;

**WHEREAS,** that in the judgment of the Board it is desirable and in the best interests of the Company and its stakeholders that the Company seek relief under the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED,** that the Company shall be, and it hereby is, authorized to file a voluntary petition (the "Petition") for relief under the Bankruptcy Code (the "Chapter 11 Case"), in the United States Bankruptcy Court for the District of Delaware or such other court as each "Authorized Person" (as defined below) of the Company shall determine to be appropriate (the "Bankruptcy Court") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary to effect the foregoing, the performance of such acts to constitute conclusive evidence of the reasonableness, advisability, expedience, convenience, appropriateness, or necessity thereof; and it is

**FURTHER RESOLVED**, that each Authorized Person shall be, and each of them hereby is, authorized, directed, and empowered, in the name and on behalf of the Company, to:  (a) execute, acknowledge, deliver, and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as any such Authorized Person, in such person's discretion, deems necessary, desirable or appropriate to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, verify, and file or cause to be filed all petitions, schedules, lists, motions, applications, and other papers or documents necessary or desirable in connection with the foregoing; (c) execute, acknowledge, deliver, and verify any and all other documents necessary, desirable, or appropriate in connection

therewith and to administer the Company's Chapter 11 Case in such form or forms as any such Authorized Person may approve; and the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgment, delivery, and verification of the Petition and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices, and other documents, shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability, or appropriateness thereof; and (d) take any action as may be deemed necessary, desirable, or appropriate to carry out the intent of this resolution, including the filing of the Petition and any ancillary documents; and it is

**FURTHER RESOLVED**, that the Authorized Persons shall be, and each of them individually hereby is, authorized, directed, and empowered, in the name and on behalf of the Company, to retain:  (a) Jones Day; (b) Richards, Layton & Finger, P.A.; (c) Ernst & Young LLP; (d) Houlihan Lokey Capital, Inc.; (e) Prime Clerk LLC; and (f) such additional professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, agents, or brokers (together with the foregoing identified firms, the "Professionals"), in each case as in any such Authorized Person's judgment may be necessary, desirable, or appropriate in connection with the Company's Chapter 11 Case and other related matters, on such terms as such Authorized Person or Authorized Persons shall approve and such Authorized Person's retention thereof to constitute conclusive evidence of such Authorized Person's approval and the necessity, desirability, or appropriateness thereof; and it is

**FURTHER RESOLVED**, that the law firms of Jones Day and Richards, Layton & Finger, P.A., and any additional special or local counsel selected by the Authorized Persons, if any, shall be, and hereby are, authorized, empowered, and directed to represent the Company, as debtor and debtor in possession, in connection with any Chapter 11 Case commenced by or against it under the Bankruptcy Code; and it is

**FURTHER RESOLVED**, that the Company, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to: (a) enter into and incur any obligations under a new debtor in possession financing facility or facilities, including use of cash collateral, and any associated documents and consummate the transactions contemplated therein (collectively, the "Financing Transactions") with such lenders and on such terms as may be approved by any one or more of the Authorized Persons, as may be necessary, desirable, or appropriate for the continuing conduct of the affairs of the Company; and (b) pay related fees, incur (or guarantee, as applicable) the debt and other obligations and liabilities contemplated by the Financing Transactions, and grant security interests in and liens upon some, all, or substantially all of the Company's assets in each case as may be deemed necessary, desirable, or appropriate by any one or more of the Authorized Persons in connection with the Financing Transactions; and it is

**FURTHER RESOLVED**, that: (a) the Authorized Persons shall be, and each of them individually, hereby is, authorized, directed, and empowered, in the name and on behalf of the Company, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver, and verify such certificates, instruments, guaranties, credit agreements, pledge agreements, security agreements, promissory notes, letter of credit applications, mortgages, intellectual property security agreements, account control agreements, other collateral documents or security instruments, instruments, notices, and any and all other agreements or documents arising in connection with the Financing Transactions as the Authorized Persons may deem necessary, desirable, or appropriate to facilitate the Financing Transactions, in each case including any amendment, amendment and restatement, supplements, or other modifications to the foregoing (collectively, the "Financing Documents"); (b) Financing Documents containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary, desirable or appropriate by the Authorized Persons are hereby approved; and (c) the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgement, delivery, and verification of all such Financing Documents, shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability, or appropriateness thereof; and it is

**FURTHER RESOLVED**, that the Authorized Persons shall be, and each of them individually, hereby is, authorized, directed, and empowered to the fullest extent permitted by Delaware law, in the name and on behalf of the Company, as debtor and debtor in possession, to negotiate, execute, deliver, and perform on behalf of, and take such actions and execute, acknowledge, deliver, and verify such agreements, certificates, instruments, guaranties, notices, and any and all other documents as the Authorized Persons, or any of them, may deem necessary, desirable, or appropriate to facilitate the transactions contemplated by the foregoing resolution including, but not limited to, any certificates, instruments, guaranties, credit agreements, pledge agreements, security agreements, promissory notes, letter of credit applications, mortgages, intellectual property security agreements, account control agreements, other collateral documents or security instruments, instruments, notices, and any and all other agreements or documents arising in connection with the Financing Documents, containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary, desirable, or appropriate, and any modifications or supplements thereto, all such materials to be in the form approved by one or more of the Authorized Persons and the execution, acknowledgement, delivery, and verification thereof by such Authorized Person or Authorized Persons to be conclusive evidence of such approval and the necessity, desirability, or appropriateness thereof.

### Approval of the Stock and Asset Purchase Agreement

**WHEREAS**, the Board has reviewed that certain Stock and Asset Purchase Agreement (the "Purchase Agreement"), to be entered into by and among Grouper Holdings, LLC, a Delaware limited liability company, the Company, and each of

DocuSign Envelope ID: 962937AF-418C-404F-A7F1-DFB83F44DD3B

the Company's subsidiaries listed on the signature pages to the Purchase Agreement;

**WHEREAS**, the sale of substantially all of the properties and assets of the Company and its subsidiaries pursuant to the Purchase Agreement will be undertaken pursuant to the Bankruptcy Code and Section 303 of the Delaware General Corporation Law; and

**WHEREAS**, that in the judgment of the Board it is desirable and in the best interests of the Company that the Company enter into the Purchase Agreement.

**NOW, THEREFORE, BE IT RESOLVED**, that the execution, delivery and performance of the Purchase Agreement substantially in the form previously provided to the Board and the transactions contemplated thereby, be, and they hereby are, deemed advisable and in the best interests of the Company and are hereby authorized, approved and adopted for all purposes; and it is

**FURTHER RESOLVED**, that the Authorized Persons and their designees be, and each of them hereby is, authorized, empowered and directed to negotiate, execute and deliver on behalf of the Company any agreements, documents and instruments in connection with the Purchase Agreement or as such Authorized Persons may deem necessary, advisable or appropriate, such execution and delivery by any such Authorized Persons to be conclusive evidence of such authorization and approval.

**Approval of Superpriority Secured Debtor-in-Possession Credit Agreement, Postpetition Security Agreement and Postpetition Pledge Agreement**

**WHEREAS**, the Board has reviewed that certain Superpriority Secured Debtor-in-Possession Credit Agreement (the "Credit Agreement"), to be entered into by and among the Company, certain of the Company's subsidiaries and Bank of America, N.A., as administrative agent (the "Agent");

**WHEREAS**, the Board has reviewed that certain Postpetition Security Agreement (the "Security Agreement"), to be entered into by and among the Company, certain of the Company's subsidiaries and the Agent, and that certain Postpetition Pledge Agreement (the "Pledge Agreement"), to be entered into by and among the Company, certain of the Company's subsidiaries and the Agent and all other related loan documents referred to or contemplated by the Credit Agreement, including, but not limited to, intellectual property security agreements, control agreements, mortgages, deeds of trust, intercreditor agreements, landlord agreements, assignments and similar and related documents (together with the Credit Agreement, the Security Agreement and the Pledge Agreement, the "Financing Documents");

**WHEREAS**, that in the judgment of the Board it is desirable and in the best interests of the Company that the Company enter into the Financing Documents and to execute such other documents as may be required in connection with the Financing Documents;

**NOW**, **THEREFORE, BE IT RESOLVED**, that the Credit Agreement, in the form approved by any Authorized Person, and any amendments, amendments and restatements or other modifications to the Credit Agreement (including amendments increasing the maximum amount of credit available thereunder and/or extending the maturity date of the same) and the transactions, other actions and instruments contemplated by or incident to the Credit Agreement, be and hereby are authorized, confirmed, ratified and approved;

**FURTHER RESOLVED,** that the Security Agreement, in the form approved by any Authorized Person, and any and all amendments, amendments and restatements or other modifications to the Security Agreement, and the transactions (including the granting of security interests with respect to substantially all of the Company's assets), and all other actions and instruments contemplated by or incident to the Security Agreement, be and hereby are authorized, confirmed, ratified and approved;

**FURTHER RESOLVED**, that the Pledge Agreement, in the form approved by any Authorized Person, and any and all amendments, amendments and restatements or other modifications to the Pledge Agreement, and the transactions and all other actions and instruments contemplated by or incident to the Pledge Agreement, be and hereby are authorized, confirmed, ratified and approved;

**FURTHER RESOLVED**, that all other Financing Documents, in the form approved by any Authorized Person, and any and all amendments, amendments and restatements or other modifications thereto, and the transactions, and all other actions and instruments contemplated by or incident to the other Financing Documents, be and hereby are authorized, confirmed, ratified and approved;

**FURTHER RESOLVED**, that any of the officers of the Company, acting alone or in concert on behalf of the Company, are hereby authorized and directed for and on behalf of the Company to make, negotiate, execute, acknowledge, verify, issue and deliver each of the Financing Documents, as applicable, and any amendments thereto, with such changes thereto as the Authorized Person executing the same approves as being in the best interests of the Company, the execution of each Financing Document and any amendment thereto to be conclusive evidence of such approval and such authority.

## General

**FURTHER RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each Authorized Person be, and hereby is, authorized with full power of delegation, in the name and on behalf of the Company, to take or cause to be taken any and all such further actions and to execute and deliver or cause to be executed or delivered, and to amend, supplement, or otherwise modify from time to time, any and all such agreements, documents, certificates, instruments, statements, notices, undertakings, amendments, and other writings, and to incur and to pay or direct payment of all such fees and expenses,

DocuSign Envelope ID: 962937AF-448C-404E-A7E4-DEB83EA4DD3B

including filing fees, as in the judgment of the Authorized Person shall be necessary, desirable, or appropriate to effectuate the purpose and intent of any and all of the foregoing resolutions adopted herein; and it is

**FURTHER RESOLVED**, that the omission from these resolutions of any agreement or other arrangement contemplated by any of the agreements or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirements of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by and the intent and purposes of the foregoing resolutions; and it is

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person, or at the direction of an Authorized Person, or by any of the Professionals at the direction of an Authorized Person, in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and it is

**FURTHER RESOLVED**, that any and all lawful actions and transactions by any Authorized Person, or at the direction of an Authorized Person, for and on behalf and in the name of the Company with respect to any transactions contemplated by the foregoing resolutions, including in connection with the Financing Transactions, before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted, and consented to in all respects for all purposes; and it is

**FURTHER RESOLVED**, that the Board and any Authorized Person hereby is authorized and directed to certify and/or attest these resolutions, certificate of incumbency, and such other documents or instruments that the Secretary of the Company may deem necessary or appropriate in connection with the foregoing matters; provided, however, that such certification and/or attestation shall not be required for any document, instrument, or agreement to be valid and binding on the Company; and it is

**FURTHER RESOLVED**, that for the purposes of these resolutions, the term "Authorized Person" shall mean and include any of the following officers of the Company: (a) the Chief Executive Officer, (b) the President, (c) the Chief Financial Officer, (d) the Vice President, (e) Legal and Secretary, and (f) any individual designated by any of the foregoing officers.