## <u>Exhibit B</u>

**Proposed Form Sale Order**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

------------------------------------------------------- x

In re:                         :

                             :

SHILOH INDUSTRIES, INC.,[1]    :        Chapter 11
*et al.*,                      :

                           :        Case No. 20-12024 (LSS)

        Debtors.          :

                           :        (Jointly Administered)

                           :

------------------------------------------------------- x

## ORDER (I) APPROVING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION THEREWITH AND (III) GRANTING RELATED RELIEF

This matter coming before the Court on the *Motion of the Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Enter into the Stalking Horse Purchase Agreements and to Provide Bidding Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (F) Granting Related Relief; and (II)(A) Approving the Sale of the Debtors'*

---

[1]    The Debtors are the following nineteen entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses):  Shiloh Industries, Inc. (7683), Greenfield Die & Manufacturing Corp. (8114), Jefferson Blanking Inc. (7850), Shiloh Automotive, Inc. (1339), Shiloh Corporation (5101), Shiloh Industries, Inc. Dickson Manufacturing Division (5835), Shiloh Holdings International, Inc. (1446), C&H Design Company (9432), Liverpool Coil Processing, Incorporated (0871), Medina Blanking, Inc. (0707), The Sectional Die Company (3562), VCS Properties, LLC (1094), Shiloh Die Cast LLC (5814), Shiloh Manufacturing Holdings LLC (0853), FMS Magnum Holdings LLC (6471), Sectional Stamping, Inc. (8967), Albany-Chicago Company LLC (4687), Shiloh Die Cast Midwest LLC (4114), and Shiloh Manufacturing LLC (1628).  The Debtors' noticing address in these Chapter 11 Cases is 880 Steel Drive, Valley City, Ohio 44280.

*Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [Docket No. [●]] (the "Sale Motion"),[2] filed by the debtors (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"); and the Court having previously entered the *Order (I) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (II) Authorizing the Debtors to Enter into One or More Stalking Horse Agreements and to Provide Bidding Protections Thereunder, (III) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (IV) Approving Assumption and Assignment Procedures, (V) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (VI) Granting Related Relief* [Docket No. [●]] (the "Bidding Procedures Order"); and _____ (the "Buyer") having submitted the highest or best bid for the Acquired Assets, as reflected in that certain [_____] agreement, dated as of _____, 2020, by and among _____ (the "Asset Purchase Agreement"), a copy of which is attached hereto as Exhibit 1; and the Court having conducted a hearing to consider certain relief requested in the Sale Motion on _____, 2020 (the "Sale Hearing"), at which time all objecting and interested parties were offered an opportunity to be heard with respect to the Sale Motion; and the Court having reviewed and considered (i) the Sale Motion, (ii) the Asset Purchase Agreement, (iii) the Bidding Procedures, (iv) the Bidding Procedures Order, (v) the record of the Bidding Procedures Hearing, (vi) the *Declaration of [_____] in Support of the Sale Motion* [Docket No. [●]] and (vii) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing; and after due deliberation the

---

[2]   Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Sale Motion or the Asset Purchase Agreement (as hereinafter defined), as applicable.

Court having determined that the legal and factual bases set forth in the Sale Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Sale Motion is in the best interest of the Debtors, their estates and their creditors, and the Debtors having demonstrated good, sufficient and sound business justifications for the relief granted herein;

**IT IS HEREBY FOUND AND DETERMINED THAT:[3]**

      A.    <u>Jurisdiction and Venue</u>.   This Court has jurisdiction to consider the Sale Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.   This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

      B.    <u>Final Order</u>.  This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

      C.    <u>Statutory Predicates</u>.  The statutory and other legal predicates for the relief sought in the Sale Motion and granted herein are sections 105, 363 and 365 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2002, 4001, 6004, 6006, 9007 and 9014 of the Bankruptcy Rules and Rules 2002-1, 6004-1 and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").

---

[3] The findings and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.  The Court's findings also shall include any oral findings of fact and conclusions of law made by the Court during the Sale Hearing.

D. <u>Notice and Opportunity to Be Heard</u>. As evidenced with the certificates of service filed with the Court [Docket Nos. [●]], the Debtors have provided proper, timely, adequate and sufficient notice of, and a fair and reasonable opportunity to object and be heard with respect to, the Sale Motion, the Bidding Procedures, the Bidding Procedures Order, the Auction, the Sale Hearing, the sale of the Acquired Assets pursuant to the Asset Purchase Agreement (the "<u>Sale Transaction</u>") free and clear of any Interests (as hereinafter defined) within the meaning of section 363(f) of the Bankruptcy Code, the Notice of Auction Results [Docket No. [●]], the Assumption and Assignment Notice [Docket No. [●]] and the assumption and assignment of the executory contracts and unexpired leases to be assumed and assigned to the Buyer at Closing pursuant to this Order and the terms of the Asset Purchase Agreement (collectively, the "<u>Contracts</u>"), in accordance with sections 102(1), 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, 6006, 9007 and 9014, Local Rules 2002-1, 6004-1 and 9006-1 and the Bidding Procedures Order, to all persons and entities entitled to such notice, including the Sale Notice Parties (as defined in the Bidding Procedures) and all other persons and entities as directed by the Court. Such notice was good, sufficient and appropriate under the circumstances, including but not limited to providing each Counterparty a full and fair opportunity to object to the assumption and assignment of its Contract and its proposed Cure Cost; and no other or further notice of any of the foregoing is required. With respect to parties in interest whose identities could not be reasonably ascertained by the Debtors, the Publication Notice published in the national edition of *USA Today* on _____, 2020 and in the Local Publications on _____, 2020 was sufficient and reasonably calculated to provide notice to such parties under the circumstances. The Debtors published the Sale Motion, Bidding Procedures Order, the Bidding Procedures, the Stalking Horse Agreement

-4-

(and all exhibits and schedules thereto), the Sale Notice, the Assumption and Assignment Notice, and certain other documents relevant to the Sale on the Prime Clerk Website.

E.     Disclosures.  The disclosures made by the Debtors in the Sale Motion, the Sale Notice, the Assumption and Assignment Notice, the Notice of Auction Results and all other related notices and documents filed with the Court concerning the Asset Purchase Agreement and Sale Transaction were complete and adequate.

F.     Sound Business Purpose.  The Debtors have demonstrated good, sufficient and sound business purposes and justifications for approval of the Sale Motion and the approval of and entry into the Sale Transaction, the Asset Purchase Agreement and any ancillary agreements thereto (i) are a result of due deliberation by the Debtors and constitute a sound and reasonable exercise of the Debtors' business judgment consistent with their fiduciary duties; (ii) provide value and are beneficial to the Debtors' estates, and are in the best interests of the Debtors, their estates and their stakeholders; and (iii) are reasonable and appropriate under the circumstances.  Business justifications for entry into the Sale Transaction and the Asset Purchase Agreement include, without limitation, the following:  (i) the Asset Purchase Agreement constitutes the highest or best offer received for the Acquired Assets; (ii) the Asset Purchase Agreement presents the best opportunity to maximize the value of the Acquired Assets on a going-concern basis and to avoid decline and devaluation as a result of delay or liquidation; (iii) failure to consummate the Sale Transaction expeditiously, as provided under the Asset Purchase Agreement, could materially diminish creditor recoveries; and (iv) the immediate consummation of the Sale Transaction is necessary to maximize the value of the Debtors' estates.

G.     Compliance with Bidding Procedures.  The Debtors conducted an open

and fair sale process.  The sale process was non-collusive in all respects, and all interested

parties were provided a full, fair and reasonable opportunity to make an offer to purchase the

Acquired Assets.  The Debtors, the Buyer and their respective counsel and other advisors have

complied with the Bidding Procedures and the Bidding Procedures Order.

       H.    <u>Highest or Best Value</u>.  The Debtors determined, in their reasonable

business judgment, in a manner consistent with their fiduciary duties and, in consultation with

the Consultation Parties, that the Buyer's Qualified Bid, as documented in the Asset Purchase

Agreement, was the highest or otherwise best Qualified Bid for the Acquired Assets.

Consummating the Sale Transaction will yield greater value to the Debtors' estates than would

have been provided by any other available alternative transaction.

       I.    <u>Fair Consideration</u>.  The consideration the Buyer will pay under the

Asset Purchase Agreement constitutes (i) fair and reasonable consideration for the Acquired

Assets; and (ii) reasonably equivalent value and fair consideration under the Bankruptcy Code,

the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, the Uniform

Voidable Transactions Act and other laws of the United States, any state, territory, possession

thereof or the District of Columbia.

       J.    <u>Free and Clear Sale</u>.  The Debtors may sell the Acquired Assets free and

clear of all Interests (unless otherwise expressly assumed under, or expressly permitted by, the

Asset Purchase Agreement), because, in each case, one or more of the standards set forth in

section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  Any holders of Interests that

objected to the Sale Transaction or the Sale Motion and that have an Interest on the Acquired

Assets could be compelled in a legal or equitable proceeding to accept money in satisfaction of

such Interest pursuant to section 363(f)(5) or fall within one or more of the other subsections of

-6-

section 363(f) and, therefore, are adequately protected by having their Interests on the Acquired

Assets attach solely to the proceeds of the Sale Transaction ultimately attributable to the sale of

the property on which such holders have an Interest, in the same order of priority, and with the

same validity, force and effect that such Interests had prior to the consummation of the Sale

Transaction, subject to any rights, claims or defenses of the Debtors and their estates.  Any

Interest holders that did not object, or that withdrew their objections, to the Sale Motion or the

Sale Transaction, are deemed to have consented to the sale of the Acquired Assets free and

clear of their respective Interests on the Acquired Assets pursuant to section 363(f)(2) of the

Bankruptcy Code.

K.      Buyer's Reliance on Free and Clear Sale.  The Buyer would not have

entered into the Asset Purchase Agreement and would not consummate the Sale Transaction or

the other transactions contemplated thereby if the sale of the Acquired Assets were not free and

clear of all Interests, or if the Buyer would, or in the future could, be liable for any such

Interests.  A sale of the Acquired Assets other than one free and clear of all Interests would

adversely impact the Debtors, their estates and their creditors, and would yield substantially less

value for the Acquired Assets and the Debtors' estates, with less certainty than provided by the

Sale Transaction.  The total consideration to be provided under the Asset Purchase Agreement

reflects the Buyer's reliance on this Order to provide it, pursuant to sections 105(a) and 363(f)

of the Bankruptcy Code, with title to, and possession of, the Acquired Assets free and clear of

all Interests, including, without limitation, any potential derivative, vicarious, transferee or

successor liability Interests.

L.      "Interests".  As used in this Order, the term "Interest" includes, in each

case to the extent against or with respect to any of the Debtors or in, on, or against or with

-7-

respect to any of the Acquired Assets:  Liens, claims (as defined in section 101(5) of the

Bankruptcy Code), debts (as defined in section 101(12) of the Bankruptcy Code),

encumbrances, obligations, Liabilities, demands, guarantees, actions, suits, defenses, deposits,

credits, allowances, options, rights, restrictions, limitations, contractual commitments, rights,

or interests of any kind or nature whatsoever, whether known or unknown, inchoate or not,

filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded,

perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or

unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether

arising prior to or subsequent to the commencement of these Chapter 11 Cases, and whether

imposed by agreement, understanding, law, equity, or otherwise, including, but not limited to,

(i) mortgages, deeds of trust, pledges, charges, security interests, hypothecations,

encumbrances, easements, servitudes, leases, subleases, rights-of-way, encroachments,

restrictive covenants, restrictions on transferability or other similar restrictions, rights of offset

or recoupment, rights of use or possession, subleases, leases, condition sale arrangements, or

any similar rights, (ii) all claims, including, without limitation, all rights or causes of action

(whether in law or equity), proceedings, warranties, guarantees, indemnities, rights of

recovery, setoff, recoupment, indemnity or contribution, obligations, demands, restrictions,

indemnification claims, or liabilities relating to any act or omission of the  Debtors or any

other person, consent rights, options, contract rights, covenants, and interests of any kind or

nature whatsoever (known or unknown, matured or unmatured, accrued, or contingent and

regardless of whether currently exercisable), whether arising prior to or subsequent to the

commencement of these Chapter 11 Cases, and whether imposed by agreement, understanding,

law, equity or otherwise; (iii) all debts, liabilities, obligations, contractual rights and claims,

-8-

and labor, employment, and pension claims; (iv) any rights that purport to give any party a right or option to effect any forfeiture, modification, right of first offer or first refusal, or consents, or termination of the Debtors' or the Purchaser's interest in the Acquired Assets, or any similar rights; (v) any rights under labor or employment agreements; (vi) any rights under pension, multiemployer plan (as such term is defined in section 3(37) or section 4001(a)(3) of the Employment Retirement Income Security Act of 1974 (as amended, "ERISA"), health or welfare, compensation or other employee benefit plans, agreements, practices, and programs, including, without limitation, any pension plans of the Debtors or any multiemployer plan to which the Debtors have at any time contributed to or had any liability or potential liability; (vii) any other employee claims related to worker's compensation, occupation disease, or unemployment or temporary disability, including, without limitation, claims that might otherwise arise under or pursuant to (a) ERISA, (b) the Fair Labor Standards Act, (c) Title VII of the Civil Rights Act of 1964, (d) the Federal Rehabilitation Act of 1973, (e) the National Labor Relations Act, (f) the Age Discrimination and Employment Act of 1967 and Age Discrimination in Employment Act, each as amended, (g) the Americans with Disabilities Act of 1990, (h) the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, including, without limitation, the requirements of Part 6 of Subtitle B of Title I of ERISA and Section 4980B of the Internal Revenue Code of any similar state law, (i) state discrimination laws, (j) state unemployment compensation laws or any other similar state laws, (k) any other state or federal benefits or claims relating to any employment with the Debtors or any of their predecessors, or (l) the WARN Act (29 U.S.C. §§ 2101, et seq.) or any state or other laws of similar effect; (viii) any bulk sales or similar law; (ix) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended, and any taxes

-9-

arising under or out of, in connection with, or in any way relating to the operation of the assets

or businesses of the  Debtors prior to the Closing; (x) any unexpired and executory contract or

unexpired lease to which a Debtor is a party that is not an Assumed Contract; (xi) any other

Excluded Liabilities under the Asset Purchase Agreement; and (xii) Interests arising under or

in connection with any acts, or failures to act, of any of the  Debtors or any of the  Debtors'

predecessors, Affiliates, or Subsidiaries, including, but not limited to, Interests arising under

any doctrines of successor, transferee, or vicarious liability, violation of the Securities Act, the

Exchange Act, or other applicable securities laws or regulations, breach of fiduciary duty, or

aiding or abetting breach of fiduciary duty, or any similar theories under applicable Law or

otherwise.

M.    <u>No Successor or Other Derivative Liability</u>.  By consummating the Sale

Transaction pursuant to the Asset Purchase Agreement, the Buyer is not a mere continuation of

any of the Debtors or any Debtor's estate, and there is no continuity of enterprise or otherwise

or common identity between the Buyer and any Debtor.  The Buyer is not holding itself out as a

continuation of any Debtor.  The Buyer is not a successor to any Debtor or any Debtor's estate

by reason of any theory of law or equity, and the Sale Transaction does not amount to a

consolidation, merger or <u>de</u> <u>facto</u> merger of the Buyer and the Debtors or any of the Debtors'

estates.  Neither the Buyer nor any of its affiliates or their respective successors, assigns,

members, partners, principals or shareholders (or the equivalent thereof) shall assume or in any

way be responsible for any obligation or liability of any Debtor (or any affiliate of any Debtor)

or any Debtor's estate, except as expressly provided in the Asset Purchase Agreement.  The sale

and transfer of the Acquired Assets to the Buyer, including the assumption by the Debtors and

assignment, transfer and/or sale to the Buyer of any of the Contracts, will not subject the Buyer

-10-

to any liability with respect to the operation of the Debtors' businesses prior to the Closing or by reason of such transfer, except that, upon the Closing, the Buyer shall remain liable for the applicable Assumed Liabilities.

N.    <u>Good Faith</u>.  The Debtors, the Buyer and their respective counsel and other advisors have negotiated and entered into the Asset Purchase Agreement and each of the transactions contemplated thereby in good faith, without collusion and from arms'-length bargaining positions.  The Buyer is a good-faith purchaser, and is acting in good faith within the meaning of section 363(m) of the Bankruptcy Code, and, as such, is entitled to all of the protections afforded thereby.  The Debtors were free to deal with any other party interested in acquiring all or some of the Acquired Assets.   Neither the Debtors nor the Buyer have engaged in any conduct that would cause or permit the Sale Transaction, the Asset Purchase Agreement or any of the transactions contemplated thereby to be avoided or subject to monetary damages under section 363(n) of the Bankruptcy Code, or that would prevent the application of sections 363(m) of the Bankruptcy Code.   The Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction.    Specifically, the Buyer has not acted in a collusive manner with any person or entity, and the Buyer's participation in and bidding at the Auction were not controlled by any agreement among bidders.  All payments to be made by the Buyer and all agreements entered into by the Buyer and the Debtors under the Asset Purchase Agreement in connection with the Sale Transaction have been disclosed and are appropriate.  The Asset Purchase Agreement was not entered into, and the Sale Transaction is not being consummated, for the purpose of hindering, delaying or defrauding creditors under laws of the United States, any state, territory, possession thereof or the District of Columbia, or any other applicable law.  Neither the Debtors nor the Buyer have entered into the Asset

-11-

Purchase Agreement or are consummating the Sale Transaction with any fraudulent or otherwise improper purpose.

O.     <u>Insider Status</u>.  The Buyer is not an "insider" of any Debtor, as that  term is defined in section 101(31) of the Bankruptcy Code.  No common identity of directors or controlling stockholders (or the equivalent thereof) exists between the Buyer and any of the Debtors.

P.     <u>Assumption and Assignment of Contracts</u>.  The assumption and assignment of the Contracts are an integral part of the Sale Transaction, are in the best interests of the Debtors and their estates and represent the valid and reasonable exercise of the Debtors' sound business judgment.  Specifically, the assumption and assignment of the Contracts (i) are necessary to sell the Acquired Assets to the Buyer as contemplated by the Asset Purchase Agreement, (ii) allow the Debtors to sell the Acquired Assets to the Buyer as a going concern, (iii) limit the losses suffered by the Counterparties to the Contracts and (iv) maximize the recoveries of other creditors of the Debtors by eliminating claims against the Debtors' estates that would arise from the Debtors' rejection of the Contracts.  Any Counterparty to any Contract that has not actually filed with the Court and served on the Objection Notice Parties (as defined in the Bidding Procedures) an objection to the Debtors' assumption and assignment of such Contract, or to the applicable Cure Costs, as of the date specified in the Bidding Procedures Order (as such date may have been modified or extended in accordance with the terms of the Bidding Procedures Order) is deemed to have consented to the assumption and assignment of the Contract, and to the applicable Cure Costs.

Q.     <u>Compliance with Section 365 of the Bankruptcy Code</u>.  The Debtors have met all requirements of section 365(b) of the Bankruptcy Code with respect to the

assumption and assignment of each of the Contracts.  The Debtors have provided adequate

assurance (within the meaning of section 365(b)(1) of the Bankruptcy Code) of cure of any

default existing under any of the Contracts on or before the Closing Date.  The Buyer has

demonstrated adequate assurance of future performance of and under the Contracts within the

meaning of sections 365(b)(1)(C), 365(f)(2)(B) and 365(b)(3) (to the extent applicable) of the

Bankruptcy Code.  Pursuant to section 365(f) of the Bankruptcy Code, the Contracts shall be

assigned and transferred to, and remain in full force and effect for the benefit of, the Buyer,

notwithstanding any provision in the Contracts or other restrictions prohibiting their

assignment or transfer.

R.    <u>Modifications to Contracts</u>.  Pursuant to section 2.5 of the Asset

Purchase Agreement, the Buyer may modify the list of the Contracts after the date of this Sale

Order and up to one Business Day prior to the Closing Date.  Such modification rights include,

but are not limited to, the right of the Buyer to designate a Contract for assumption by the

Debtors and assignment to the Buyer , as well as for exclusion from the Sale as an Excluded

Asset.  The Buyer would not have agreed to the Sale Transaction without such modification

rights.  The notice and opportunity to object provided to Counterparties to such Contracts and

to other parties in interest, as set forth in the Bidding Procedures Order and in this Order, fairly

and reasonably protect any rights that such Counterparties and other parties in interest may

have with respect to such Contracts.

S.    <u>Property of the Estates</u>.  The Acquired Assets constitute property of the

Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code.

T.    <u>Validity of the Sale Transaction</u>.  The consummation of the Sale

Transaction is legal, valid and properly authorized under all applicable provisions of the

Bankruptcy Code, including sections 105(a), 363(b), 363(f), 363(m), 365(b) and 365(f) and all of the applicable requirements of such sections have been complied with in all respects in connection with the Sale Transaction.  As of the Closing, the sale and assignment of the Acquired Assets and the Contracts to the Buyer will be a legal, valid and effective transfer of the Acquired Assets and the Contracts, and will vest the Buyer with all right, title and interest of the Debtors in and to the Acquired Assets and the Contracts free and clear of all Interests (other than any Interests expressly assumed under, or expressly permitted by, the Asset Purchase Agreement).  The Debtors have full corporate or other applicable authority to execute the Asset Purchase Agreement and all other documents contemplated thereby, and the Sale Transaction has been duly and validly authorized by all necessary corporate action of the Debtors.  Upon entry of this Order, other than any consents identified in the Asset Purchase Agreement, no consent or approval from any other person, entity or legal authority is required to consummate the Sale Transaction.

U.    No Sub Rosa Plan.    Neither the Sale Transaction nor the Asset Purchase Agreement impermissibly restructures the rights of any of the Debtors' creditors or impermissibly dictates the terms of a liquidating plan of reorganization of the Debtors. Neither the Sale Transaction nor the Asset Purchase Agreement constitutes a sub rosa or de facto plan of reorganization or liquidation, as neither proposes to (i) impair or restructure any existing debt of, or equity interests in, the Debtors; (ii) impair or circumvent voting rights with respect to any plan proposed by the Debtors; (iii) circumvent chapter 11 safeguards, such as those set forth in sections 1125 and 1129 of the Bankruptcy Code; or (iv) classify claims or equity interests or extend debt maturities.

V.    No Stay of Order.  Time is of the essence to implement the Asset

Purchase Agreement and consummate the Sale Transaction.  The Sale Transaction must be approved and consummated promptly in order to preserve the value of the Acquired Assets and to maximize the value to the Debtors, their estates, their creditors and all other parties in interest and to ensure the Debtors' compliance with their obligations under their post-petition financing agreements. The Debtors have demonstrated compelling circumstances and sound business justifications for the immediate approval and consummation of the Sale Transaction as contemplated by the Asset Purchase Agreement. Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d), 7062 or any applicable provisions of the Local Rules, this Order shall not be stayed and shall be effective and enforceable immediately upon entry.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    <u>Sale Motion Granted</u>.  The Sale Motion and the relief requested therein (to the extent not previously granted by the Court pursuant to the Bidding Procedures Order or otherwise) are GRANTED and approved as set forth herein.

2.    <u>Objections Overruled</u>.  Any objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived or settled and all reservations of rights included in such objections are hereby overruled on the merits with prejudice.

3.    <u>Sale Transaction Approved</u>.  The Asset Purchase Agreement and all transactions contemplated thereby are APPROVED.

4.    <u>Prior Findings of Fact and Conclusions of Law</u>.  The Court's findings of fact and conclusions of law in the Bidding Procedures Order, including the record of the Bidding Procedures Hearing, and the findings of fact recited above are incorporated herein by reference.

5.    <u>Debtors' Performance Authorized</u>.  The Debtors are hereby authorized to

-15-

enter into and perform their obligations under the Asset Purchase Agreement, and to take such

other actions as may be necessary or desirable to effectuate the terms of the Asset Purchase

Agreement and other instruments or documents that may be reasonably necessary or desirable

to implement and effectuate the terms of the Asset Purchase Agreement, the Sale Transaction or

this Order, including, without limitation, deeds, assignments, stock powers, transfers of

membership interests and any other instruments of transfer, without further order of the Court.

The Debtors are hereby further authorized to take all other actions as may reasonably be

requested by the Buyer or otherwise for the purpose of assigning, transferring, granting,

conveying and conferring to the Buyer, or reducing to the Buyer's possession any or all of the

Acquired Assets and the Contracts, as may be necessary or appropriate for the Debtors to

perform their obligations under the Asset Purchase Agreement and consummate the Sale

Transaction, without further order of the Court.

      6.     The Debtors are hereby authorized and empowered to cause to be

executed and filed such statements, instruments, releases and other documents with respect to

the Acquired Assets that are necessary or appropriate to effectuate the Asset Purchase

Agreement, the Sale Transaction or this Order, including, as applicable, amended and restated

certificates or articles of incorporation and by-laws or certificates or articles of amendment, and

all such other actions, filings or recordings as may be required under appropriate provisions of

the applicable laws of all applicable governmental units or as any of the officers of the Debtors

may determine are necessary or appropriate.

      7.     <u>Valid Transfer</u>.  Effective as of the Closing Date, the sale and assignment

of the Acquired Assets and the Contracts by the Debtors to the Buyer shall constitute a legal,

valid and effective transfer of the Acquired Assets and the Contracts, notwithstanding any

-16-

requirement for approval or consent by any person, and will vest the Buyer with all right, title

and interest of the Debtors in and to the Acquired Assets and the Contracts, free and clear of all

Interests (other than any Interests expressly assumed under, or expressly permitted by, the Asset

Purchase Agreement), pursuant to section 363(f) of the Bankruptcy Code.

       8.    <u>Free and Clear Sale</u>.  Except to the extent specifically provided in the

Asset Purchase Agreement, upon the Closing Date, the Debtors shall be, and hereby are,

authorized and empowered, pursuant to sections 105, 363(b) and 363(f) of the Bankruptcy

Code, to sell and transfer to the Buyer the Acquired Assets.  The sale and transfer of the

Acquired Assets to the Buyer shall vest the Buyer with all right, title and interest of the Debtor

in and to the Acquired Assets free clear of any and all Interests of any person or entity

(other than any Interests expressly assumed under, or expressly permitted by, the Asset

Purchase Agreement), with all such Interests to attach to the net proceeds of the Sale

Transaction ultimately attributable to the sale of the property on which such holders have an

Interest, in the same order of priority, and with the same validity, force and effect that such

Interests had prior to the consummation of the Sale Transaction, subject to any rights, claims or

defenses of the Debtors or their estates.  Following the Closing, no holder of any Interest on any

of the Acquired Assets shall interfere with the Buyer's use or enjoyment of any of the Acquired

Assets based on or related to such Interest or any actions that the Debtors have taken or may

take in their Chapter 11 Cases and no interested party may take any action to prevent, interfere

with or otherwise enjoin consummation of the Sale Transaction.

       9.    The provisions of this Order authorizing the sale and transfer of the

Acquired Assets free and clear of Interests shall be self-executing, and neither the Debtors nor

the Buyer shall be required to execute or file releases, termination statements, assignments,

consents or other instruments in order to effectuate, consummate or implement the provisions of this Order. For the avoidance of doubt, on or after the Closing Date, the Debtors and/or the Buyer shall be authorized, but not directed, to file any such releases, termination statements, assignments, consents or other instruments in any jurisdiction to record the release, discharge and termination of Interests on the Acquired Assets pursuant to the terms of this Order.

10.    <u>Direction to Creditors</u>. This Order shall be (a) effective as a determination that, as of the Closing Date, all Interests on the Acquired Assets (except as otherwise expressly assumed under, or expressly permitted by, the Asset Purchase Agreement) shall be unconditionally released, discharged and terminated as to the Buyer and the Acquired Assets; and (b) binding upon all persons and entities, including all the Debtors' creditors and any holder of an Interest on any of the Acquired Assets, and all such persons and entities are hereby authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release their respective Interests on the Acquired Assets, if any. If any person or entity that has filed a financing statement, mortgage, mechanics lien, <u>lis pendens</u> or other document, instrument, notice or agreement evidencing any Interest on the Acquired Assets has not delivered to the Debtors on or before the Closing, in proper form for filing and executed by the appropriate parties, termination statements, releases or instruments of satisfaction that the person or entity has with respect to the Acquired Assets, the Debtors and/or the Buyer are authorized to (x) execute and file such termination statements, releases, instruments of satisfaction or other documents with respect to the Acquired Assets on behalf of the applicable person or entity; and (y) file, register or otherwise record a certified copy of this Order which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Interests on the Acquired Assets. This Order is deemed to be in recordable

-18-

form sufficient to be placed in the filing or recording system of each and every federal, state, local, tribal or foreign government agency, department or office.

11.    <u>Direction to Recording Officers</u>.  This Order shall be binding upon all persons and entities, including filing agents or officers, title agents or companies, recorders of mortgages or deeds, registrars, administrative agencies, governmental units or departments, secretaries of state, governmental officials and all other persons or entities that may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments regarding the Acquired Assets or who may be required to report or insure any title or state of title in or to the Acquired Assets, (collectively, the "<u>Recording Officers</u>").  All Recording Officers are hereby authorized and directed to (a) accept any and all documents or instruments necessary and appropriate to consummate the Sale Transaction or to record and reflect that the Buyer is the owner of the Acquired Assets free and clear of all Interests (unless otherwise expressly assumed under, or expressly permitted by, the Asset Purchase Agreement) and (b) strike all recorded Interests on the Acquired Assets from their records.

12.    <u>Direction to Surrender the Acquired Assets</u>.  All persons or entities in possession or control of any of the Acquired Assets, either presently or on or before the Closing Date, are directed to surrender possession or control of the Acquired Assets to the Buyer on the Closing Date.

13.    <u>No Successor Liability</u>.  The Buyer and its affiliates and their respective predecessors, successors, assigns, members, partners, officers, directors, principals and shareholders (or the equivalent thereof) are not and shall not be (a) deemed a "successor" in any respect to any of the Debtors or any of their estates as a result of the consummation of the Sale

Transaction or any other event occurring in the Debtors' Chapter 11 Cases under any theory of law or equity; (b) deemed to have, de facto or otherwise, merged or consolidated with or into any of the Debtors or any of their estates; (c) deemed to be an alter ego of or have a common identity with any of the Debtors; (d) deemed to have a continuity of enterprise with any of the Debtors; or (e) deemed to be a continuation or substantial continuation of any of the Debtors or any enterprise of any of the Debtors, including (with respect to clause (a) through (e) of this paragraph) within the meaning of any foreign, federal, state or local revenue, pension, ERISA, tax, labor, employment, environmental, products liability or other law, doctrine rule or regulation (including any filing requirements under any such laws, rules or regulations) with respect to the Debtors' liability under such law, doctrine, rule or regulation.

14.    The Buyer shall not assume, nor be deemed to have assumed or in any way be responsible for any liability or obligation, of any of the Debtors or any of their estates including, but not limited to, any Excluded Liabilities, any bulk sales law, successor or vicarious liability, liability or responsibility for any claim against any of the Debtors or against any insider of any of the Debtors or similar liability, except as otherwise expressly provided in the Asset Purchase Agreement, and the Sale Motion, Sale Notice and Notice of Auction Results contain sufficient notice of such limitation in accordance with applicable law.  Except for the Assumed Liabilities, the transfer of the Acquired Assets and the Contracts to the Buyer under the Asset Purchase Agreement will not result in (a) the Buyer, its affiliates or any of their respective predecessors, successors, assigns, members, partners, officers, directors, principals or shareholders (or the equivalent thereof) or any of the Acquired Assets having any liability or responsibility for any claim against any of the Debtors or against any insider of any of the Debtors (including, without limitation, Excluded Liabilities); (b) the Buyer, its affiliates or any

-20-

of their respective predecessors, successors, assigns, members, partners, officers, directors, principals or shareholders (or the equivalent thereof) or any of the Acquired Assets having any liability whatsoever with respect to or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff, recoupment or otherwise, directly or indirectly, any Interests or Excluded Liabilities; or (c) the Buyer, its affiliates or any of their respective predecessors, successors, assigns, members, partners, officers, directors, principals or shareholders (or the equivalent thereof) or any of the Acquired Assets having any liability or responsibility to any of the Debtors except as is expressly set forth in the Asset Purchase Agreement.

15.    Effective upon the Closing Date, all persons and entities are forever prohibited and enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against the Buyer, its assets (including the Acquired Assets) or its successors or assigns, with respect to any (a) Interest on the Acquired Assets or (b) successor, transferee, vicarious or other similar liability or theory of liability, including (i) commencing or continuing any action or other proceeding pending or threatened, in any manner or place, that does not comply with, or is inconsistent with, the provisions of this Order or other orders of the Court or the agreements or actions contemplated or taken in respect hereof or thereof; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any Interest; (iv) asserting any setoff, right of subrogation or recoupment of any kind; or (v) revoking, terminating or failing or refusing to renew any license, permit or authorization to operate any of the Acquired Assets or conduct any of the businesses operated with the Acquired Assets.

16.    <u>Assumption and Assignment of Contracts</u>.  Under sections 105(a), 363 and 365 of the Bankruptcy Code, and subject to and conditioned upon the closing of the Sale Transaction, the Debtors' assumption and assignment of the Contracts to the Buyer free and clear of all Interests pursuant to the terms of the Asset Purchase Agreement, as modified by the terms of any amendments reached by the Buyer and the respective Counterparty, is hereby approved, and the requirements of sections 365(b)(1), 365(f)(2) and 365(b)(3) (to the extent applicable) of the Bankruptcy Code with respect thereto are hereby deemed satisfied.  Upon the Debtors' assumption and assignment of the Contracts to the Buyer, each applicable Counterparty shall be forever barred, estopped and permanently enjoined from raising or asserting against the Debtors, the Buyer or their respective property, any assignment fee, default, breach, claim, pecuniary loss, liability or obligation (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, known or unknown, liquidated or unliquidated senior or subordinate), counterclaim, defense, setoff or any other matter arising under or out of, in connection with or in any way related to, the Contracts existing as of the Closing Date or arising by reason of the Closing.  Upon the Debtors' assumption and assignment of the Contracts to the Buyer, the Buyer shall be fully and irrevocably vested with all right, tile and interest of the Debtors in and to the Contracts and the Contracts shall be deemed to be valid and binding and in full force and effect and enforceable in accordance with their terms.  The Debtors' assumption and assignment of the Contracts to the Buyer shall not constitute a default under or a termination of any Contract.

17.    <u>The Debtors Shall Not Retain Liability for the Contracts and Assumed Liabilities</u>.  Effective as of the Closing Date, (a) the assumption of the Contracts and the Assumed Liabilities by the Buyer constitutes a legal, valid, effective, complete and absolute

-22-

sale, conveyance and transfer from the Debtors to the Buyer of any and all Liabilities relating to, in connection with or arising under the Contracts and Assumed Liabilities; and (b) the Debtors shall have no liability to Buyer or any other Person for any Liabilities with respect to the Contracts and Assumed Liabilities.  Further, it is the Parties' express intention that the Sale Transaction be, and be treated for all purposes, as an absolute sale, conveyance and transfer of all Liabilities relating to, in connection with or arising under the Contracts and Assumed Liabilities.

18.    Cure Obligations.  Any defaults or other obligations under the Contracts shall be deemed cured by the Buyer's payment or other satisfaction of the cure amounts, if any, associated with the Contracts (the "Cure Costs").

19.    Cure Objections.  Except as provided herein, all objections to the Debtors' calculation of Cure Costs with respect to any of the Contracts (each such objection, a "Cure Objection") have been overruled, withdrawn, waived, settled or otherwise resolved.  Any Cure Objections as to applicable Cure Costs that have not been resolved by the parties may be heard at a later date as set by the Court.  The pendency of a dispute relating to a particular Contract shall not prevent or delay the assumption or assignment of any other Contract or the closing of the Sale Transaction.

20.    Adequate Assurance.  The Buyer has provided adequate assurance of future performance under the Contracts within the meaning of sections 365(b)(1)(C), 365(f)(2)(B) and 365(365(b)(3) (to the extent applicable) of the Bankruptcy Code.  Any Adequate Assurance Objections that have not been  withdrawn,  waived  or  settled  and  all reservations  of  rights  included  in  such objections are hereby overruled on the merits with prejudice. All other requirements and conditions under sections 363 and 365 of the Bankruptcy

-23-

Code for the Debtors' assumption and assignment of the Contracts to the Buyer have been satisfied.

21.     <u>Anti-Assignment Provisions Unenforceable</u>.  No section or provision of any Contract that purports to (a) prohibit, restrict or condition the assignment of a Contract, including, but not limited to, the conditioning of such assignment on the consent of any Counterparty to such Contract; (b) authorize the termination, cancellation or modification of a Contract based on the filing of a bankruptcy case, the financial condition of the Debtors or similar circumstances; (c) declare a breach or default as a result of a change in control in respect of the Debtors; or (d) provide for additional payments, profit sharing, penalties, conditions, renewals, extensions, charges or other financial accommodations in favor of the Counterparty to a Contract, or modification of any term or condition upon the assignment of a Contract or the occurrence of the conditions set forth in subsection (b) above, shall have any force or effect, and any such section or provision constitutes an unenforceable anti-assignment provision under section 365(f) of the Bankruptcy Code and/or is otherwise unenforceable under section 365(e) of the Bankruptcy Code.

22.     <u>No Fees for Assumption and Assignment</u>.  There shall be no rent accelerations, assignment fees, increases or any other fees charged to the Buyer, its successors or assigns, or the Debtors as a result of the assumption and assignment of the Contracts.

23.     <u>Direction to Contract Counterparties</u>.  All Counterparties to Contracts assigned to the Buyer in accordance with the terms of this Order and the Asset Purchase Agreement shall cooperate with, and expeditiously execute and deliver upon, any reasonable request of the Buyer, and shall not charge the Buyer for, any instruments, applications, consents or other documents that may be required or requested by any governmental unit or other public

-24-

or quasi-public authority or other party to effectuate the applicable transfers in connection with the Debtors' assumption and assignment of the Contracts to the Buyer.

24.    <u>Modification of Contracts List</u>.  The rights of the Buyer to modify the list of Contracts after the date of this Order and up to one Business Day prior to the Closing Date are approved.  If the Buyer identifies a Contract it does not seek to be assumed and assigned, then such Contract shall be automatically deemed removed from Schedule 2.1(b)(iv) to the Asset Purchase Agreement and deemed an Excluded Asset.  If the Buyer identifies an executory contract or unexpired lease previously excluded from Schedule 2.1(b)(iv) to the Asset Purchase Agreement that the Buyer seeks to be assumed and assigned, then (a) such contract or lease shall be automatically deemed a Contract and added to Schedule 2.1(b)(iv) to the Asset Purchase Agreement, and (b) the Debtors shall file and serve a notice (the "<u>Previously Omitted Contract Notice</u>") on the counterparties to such Contract notifying such Counterparties of the Debtors' intention to assign and the Buyer's intention to assume such Contract, including the proposed Cure Costs (if any).  The Counterparties to such Contract shall have fourteen (14) calendar days from the date of such Previously Omitted Contract Notice to file and serve on the Debtors and the Buyer an objection to the assumption of its Contract.  If the Counterparties, Debtors, and the Buyer are unable to reach a consensual resolution with respect to a timely served objection, the Debtors will seek, at Purchaser's expense, an expedited hearing before this Court to seek approval of the assumption and assignment of such Contract.  If no objection is timely served on the Debtors and the Purchaser, then such Contract shall be deemed assumed by the applicable Debtor and assigned to the Buyer, or transferred by the applicable Debtor to the Purchaser, as applicable, pursuant to this Order.

RLF1 23955498v.1

25.     <u>Licenses and Permits</u>.  To the extent provided in the Asset Purchase Agreement and available under applicable law, the Buyer shall be authorized, as of the Closing Date, to operate under any license, permit, registration and any other governmental authorization or approval of the Debtors with respect to the Acquired Assets and the Contracts, and all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to the Buyer as of the Closing Date.  To the extent any license or permit necessary for the operation of the Acquired Assets is determined not to be an executory contract that may be assumed and assigned under section 365 of the Bankruptcy Code, the Buyer shall apply for and obtain any necessary license or permit promptly after the Closing Date, and such license or permit of the Debtors shall remain in place for the Buyer's benefit until a new license or permit is obtained.

26.     To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Acquired Assets sold, transferred or conveyed to the Buyer on account of the filing or pendency of these Chapter 11 Cases or the consummation of the Sale Transaction.

27.     <u>Good-Faith Purchaser</u>.  The Buyer is a good-faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to all of the protections afforded thereby.  Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Order are hereafter reversed, modified or vacated by a subsequent order of this Court or any other court, such reversal, modification or vacatur shall not affect the validity or enforceability of any sale, transfer or assignment under the Asset Purchase Agreement or obligation or right granted pursuant to the terms of this Order (unless stayed pending appeal prior to the Closing Date) and, notwithstanding any reversal, modification or vacatur, any sale,

-26-

transfer or assignment under the Asset Purchase Agreement, shall be governed in all respects by the original provisions of this Order or the Asset Purchase Agreement, as applicable.

28.    <u>No Avoidance</u>.  Neither the Sale Transaction nor the Asset Purchase Agreement is subject to avoidance, and no party is entitled to any damages or other recovery in connection therewith under section 363(n) of the Bankruptcy Code.

29.    <u>Bulk Sales</u>.  No bulk sales law, bulk transfer law or similar law of any state or other jurisdiction shall apply in any way to the Sale Transaction.

30.    <u>Amendments</u>.  The Asset Purchase Agreement and any related agreements may be amended, supplemented or otherwise modified by the parties thereto and in accordance with the terms thereof, without further action or order of the Court; <u>provided</u>, <u>that</u>, any such amendment, supplement or modification shall not have a material adverse effect on the Debtors' estates.

31.    <u>Binding Order</u>.  This Order and the Asset Purchase Agreement shall be binding upon and govern the acts of all persons and entities, including without limitation, the  Debtors and the Buyer, their respective successors and permitted assigns, including, without limitation, any chapter 11 trustee hereinafter appointed for the Debtors' estates or any trustee appointed in a chapter 7 case of any of the Debtors if any of these Chapter 11 Cases is converted from a case under chapter 11 to a case under chapter 7, all creditors of any and all of the Debtors (whether known or unknown), all Counterparties to any Contracts and all Recording Officers. Neither the Sale Transaction nor the Asset Purchase Agreement shall be subject to rejection or avoidance under any circumstances.  This Order and the Asset Purchase Agreement shall inure to the benefit of the Debtors, their estates, their creditors, the Buyer and its respective successors and assigns.

-27-

32.     <u>Allocation of Consideration</u>. Except as provided in the Asset Purchase

Agreement, all rights of the respective Debtors' estates with respect to the allocation of

consideration received from the Buyer in connection with the Sale Transaction (including,

without limitation, the value of the assumption of the Assumed Liabilities) are expressly reserved

for later determination by the Court and, to the extent consideration is received by any Debtor

that is determined to be allocable to another Debtor, the recipient Debtor shall be liable to such

other Debtor for a claim with the status of an expense of administration in the case of the

recipient Debtor under section 503(b) of the Bankruptcy Code.

33.     <u>Failure to Specify Provisions; Conflicts</u>.  The failure specifically to

include or mention any particular provision of the Asset Purchase Agreement in this Order shall

not diminish or impair the effectiveness of such provision, it being the intent of the Court, the

Debtors and the Buyer that the Asset Purchase Agreement be authorized and approved in its

entirety, including any amendments thereto as may be made by the parties thereto in accordance

with the terms thereof and this Order.  Likewise, all of the provisions of this Order are

nonseverable and mutually dependent.

34.     <u>Further Assurances</u>.  From time to time, as and when requested, all parties

to the Sale Transaction shall execute and deliver, or cause to be executed and delivered, all such

documents and instruments and shall take, or cause to be taken, all such further or other actions

as the requesting party may reasonably deem necessary or desirable to consummate the Sale

Transaction, including such actions as may be necessary to vest, perfect, confirm, record or

otherwise in the Buyer its right, title and interest in and to the Acquired Assets and the assigned

Contracts.

35.     <u>Automatic Stay</u>.  The automatic stay pursuant to section 362 of the

-28-

Bankruptcy Code is hereby modified to the extent necessary, without further order of the Court, to allow the Buyer to deliver any notice provided for in the Asset Purchase Agreement and to take any and all actions permitted or required under the Asset Purchase Agreement in accordance with the terms and conditions thereof.

36.    <u>No Stay of Order</u>.  Notwithstanding Bankruptcy Rules 6004(h), 6006(d), 7062 and any applicable Local Rules, this Order shall not be stayed and shall be effective and enforceable immediately upon entry.  The provisions of this Order shall be self-executing.  Time is of the essence in implementing the Asset Purchase Agreements and closing the Sale Transaction.  Any party objecting to this Order or any of the relief granted herein must exercise due diligence in filing an appeal and obtaining a stay prior to the Closing of the Sale Transaction or risk its appeal being foreclosed as moot.

37.    <u>Governing Terms</u>.  To the extent this Order is inconsistent with any prior order or pleading in these Chapter 11 Cases, the terms of this Order shall govern.  To the extent there is any inconsistency between the terms of this Order and the terms of the Asset Purchase Agreement, the terms of this Order shall govern.

38.    <u>Retention of Jurisdiction</u>.  This Court shall retain exclusive jurisdiction to (a) interpret, implement and enforce the terms and provisions of this Order and the Asset Purchase Agreement, including all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith; and (b) decide any issues or disputes concerning this Order, the Asset Purchase Agreement or the rights and duties of the parties hereunder or thereunder, including the interpretation of the terms, conditions and provisions hereof and thereof, and the status, nature and extent of the Acquired Assets and the Contracts.

-29-

39.     The Debtors are authorized and empowered to take all actions necessary

or appropriate to implement the relief granted in this Order.


Wilmington, Delaware
Dated: _____, 2020

_____
HON. LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

-30-