# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>SHILOH INDUSTRIES, INC., et al.,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 20-12024 (LSS)<br>)<br>) (Jointly Administered)<br>)<br>) |

## DECLARATION OF JOHN STEWART, PRESIDENT OF GROUPER HOLDINGS, LLC, SUCCESSFUL BIDDER FOR SUBSTANTIALLY ALL THE ASSETS OF THE DEBTORS, IN SUPPORT OF SUCH SALE

I, John Stewart, hereby declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge and belief:

1. I am President of Grouper Holdings, LLC, a Delaware limited liability company ("Grouper Holdings"), and the proposed purchaser of substantially all the assets of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). Grouper Holdings is an affiliate of MiddleGround Capital, and I am a Partner at MiddleGround Capital where I am responsible for overall management of the firm and management of the Investment Team. I am authorized to make this declaration (this "Declaration") on behalf of Grouper Holdings. I have been involved in all aspects of Grouper Holdings' diligence and consideration of a transaction with the Debtors. Unless otherwise stated herein, I have personal knowledge of the facts set forth in this Declaration.

---

[1] The Debtors are the following nineteen entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Shiloh Industries, Inc. (7683), Greenfield Die & Manufacturing Corp. (8114), Jefferson Blanking Inc. (7850), Shiloh Automotive, Inc. (1339), Shiloh Corporation (5101), Shiloh Industries, Inc. Dickson Manufacturing Division (5835), Shiloh Holdings International, Inc. (1446), C & H Design Company (9432), Liverpool Coil Processing, Incorporated (0571), Medina Blanking, Inc. (0707), The Sectional Die Company (3562), VCS Properties, LLC (1094), Shiloh Die Cast LLC (5814), Shiloh Manufacturing Holdings LLC (0853), FMS Magnum Holdings LLC (6471), Sectional Stamping, Inc. (8967), Albany-Chicago Company LLC (4687), Shiloh Die Cast Midwest LLC (4114), and Shiloh Manufacturing LLC (1628). The noticing address of each of the Debtors in these chapter 11 cases is 880 Steel Drive, Valley City, Ohio 44280.

2. I submit this Declaration in support of the *Motion of the Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Enter Into the Stalking Horse Agreements and to Provide Bidding Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (F) Granting Related Relief; and (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* (the "Sale Motion") [Docket No. 77].

3. Prior to the commencement of these Chapter 11 Cases on August 30, 2020 (the "Petition Date"), Grouper Holdings explored a potential transaction by which Grouper Holdings would acquire the business of the Debtors. Grouper Holdings and its advisors commenced diligence in connection with such a transaction prior to the Petition Date. I was advised that there were other interested buyers of the Debtors' assets while Grouper Holdings was conducting its due diligence.

4. Prior to the Petition Date, Grouper Holdings retained the services of Baker McKenzie LLP to provide legal counsel regarding restructuring, corporate, mergers and acquisitions and other related issues arising from the transaction, such as labor and employment and benefits. Grouper Holdings' professionals regularly communicated with Debtors' professionals, including its legal counsel, Jones Day, and its investment banker, Houlihan Lokey Capital, Inc.

5. Grouper Holdings continued its diligence before the Petition Date with the assistance of its professionals and, after several rounds of good-faith, arms'-length negotiations, entered into that certain *Stock and Asset Purchase Agreement*, dated as of August 30, 2020, by and among Grouper Holdings and the Debtors (the "Stock and Asset Purchase Agreement"). A true and correct copy of the Stock and Asset Purchase Agreement is attached as Exhibit C to the Sale Motion.

6. On September 5, 2020, the Court entered the *Order (I) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (II) Authorizing the Debtors to Enter Into Stalking Horse Agreement and to Provide Bidding Protections Thereunder, (III) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (IV) Approving Assumption and Assignment Procedures, (V) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof, And (VI) Granting Related Relief* [Docket No. 206] (the "Bidding Procedures Order") by which the Court authorized the bid of Grouper Holdings (the "Stalking Horse Bid"), represented by the Stock and Asset Purchase Agreement, to serve as the stalking horse bid in connection with the proposed sale of substantially all the Debtors' assets in accordance with the terms and conditions set forth in the Stock and Asset Purchase Agreement.

7. On October 28, 2020, the Debtors filed the *Notice of (I) Cancellation of Auction and (II) Successful Bid* [Docket No. 387] (the "Successful Bid Notice"). By the Successful Bid Notice, the Debtors announced their selection of the Grouper Holdings Stalking Horse Bid as the successful bid for substantially all the Debtors' assets.

8. A condition precedent for closing of the sale contemplated by the Stock and Asset Purchase Agreement is the Court's entry of an order: (a) including a finding of "good faith" pursuant to Section 363(m) of the Bankruptcy Code in favor of Grouper Holdings; and (b)

authorizing the assumption by the Debtors and the assignment to Grouper Holdings of certain executory contracts and unexpired leases, all in accordance with the Stock and Asset Purchase Agreement.

### *Good Faith*

9.  Throughout the diligence and negotiation process, Grouper Holdings has complied in all respects with the terms and conditions of the Bidding Procedures Order and the bidding procedures (the "Bidding Procedures") approved thereby.

10. Grouper Holdings participated in the sales process in good faith, on an arms' length basis, and without collusion. I certify that: (i) Grouper Holdings recognized that the Debtors were free to deal with any other party interested in purchasing the Debtors' assets; (ii) Grouper Holdings agreed to subject its bid to the competitive process set forth in the Bidding Procedures; (iii) Grouper Holdings disclosed all payments to be made in connection with the Stock and Asset Purchase Agreement; (iv) the negotiation and execution of the Stock and Asset Purchase Agreement was at arm's-length and in good faith, and at all times each of Grouper Holdings and the Debtors were represented by competent counsel and other professionals of their choosing; and (v) Grouper Holdings has not acted in a collusive manner with any person. Grouper Holdings will be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Stock and Asset Purchase Agreement.

11. Grouper Holdings has not engaged in any conduct that would cause or permit the Stock and Asset Purchase Agreement to be avoided under 11 U.S.C. § 363(n). Specifically, Grouper Holdings has not acted in a collusive manner with any person or entity, and Grouper Holdings did not enter into any agreement with another bidder or potential bidder that controlled the purchase price of the Debtors' assets.

12. To the best of my knowledge, information, and belief, Grouper Holdings is neither an "insider" nor an "affiliate" of any of the Debtors, as those terms are defined in section 101 of the Bankruptcy Code.

*Adequate Assurance of Future Performance*

13. I understand that Grouper Holdings will have obligations to certain counterparties on account of contracts and leases to be assumed by the Debtors and assigned to Grouper Holdings (the "Assigned Contracts") in connection with the sale and in accordance with the Asset Purchase Agreement. Grouper Holdings can perform its financial obligations under such Assigned Contracts.

14. Grouper Holdings provided evidence of its ability to satisfy such obligations to counsel to the Debtors on October 26, 2020 for the purpose of providing assurance of future performance to counterparties of potential Assigned Contracts. To the best of my knowledge and belief, no counterparty to a potential Assigned Contract has filed an objection to the adequacy of Grouper Holdings' assurance of future performance. Several counterparties have requested additional financial information related to adequate assurance of future performance and Grouper Holdings has been and will continue to respond to such requests.

15. Based on these facts, I believe that Grouper Holdings has made the required showing of adequate assurance of future performance required by the Bankruptcy Code or otherwise.

Dated: November 10, 2020

/s/ *John Stewart*
John Stewart
President
Grouper Holdings, LLC